UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH-WAYNE ROGERS, II,

Petitioner,

-against-

TOWN OF POUGHKEEPSIE; TOWN COURT OF POUGHKEEPSIE, DUTCHESS COUNTY, NEW YORK; PAUL ACKERMAN, PROSECUTR; OFFICE BOHO K.; STATE ACTORS UNDER COLOR OF LAW,

Respondents.

26-CV-1847 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Petitioner Kenneth-Wayne Rogers, II, who is appearing *pro se*, styles his complaint as a notice of removal under 28 U.S.C. §§ 1331, 1443, and 1455, to remove a state criminal prosecution of a traffic ticket from the Town Court of Poughkeepsie to this court. The Court construes his submission as a notice of removal of his state-court criminal proceeding and as seeking injunctive relief under 42 U.S.C. § 1983. By order dated June 23, 2026, the court granted Petitioner's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court remands Petitioner's criminal proceedings to the Town Court of Poughkeepsie and dismisses his claims for injunctive relief.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from Petitioner's submission.[1] Petitioner brings this action seeking to remove a criminal proceeding in the Town Court of Poughkeepsie, arising from a traffic ticket issued by Officer K. Boho, that is being prosecuted by Paul Ackerman. Petitioner maintains that the "[c]riminal prosecution [was] initiated without proof of corpus delicti." (ECF 1, at 1.) Petitioner asserts that his being prosecuted for the speeding ticket violates his right to due process under the Fifth and Fourteenth Amendments because the prosecution "[f]ail[ed] to establish corpus delicti (no injured party, no harm, no loss)," the prosecution was initiated "absent lawful evidence of an actual crime," and because the state used its "power in a manner repugnant to federally protected rights." (*Id.* at 2.) Petitioner further asserts, without any supporting facts, that he has been "denied and cannot enforce[his] federally protected rights in the state forum." (*Id.*)

[1] The Court quotes from the Plaintiff's submission verbatim. All spelling, grammar, and punctuation are in the original document unless noted otherwise.

Petitioner requests that this court accept jurisdiction over the prosecution of his speeding ticket, enforce an "automatic stay of state proceedings," [c]onduct a federal hearing on jurisdiction and constitutional violations," and "[d]ismiss the prosecution for failure to establish corpus delicti." (*Id.* at 3.)

Petitioner attaches various documents that he appears to have filed in connection with his ticket in the Town Court of Poughkeepsie. In most of the documents, Petitioner challenges jurisdiction of the court under the Uniform Commercial Code, a set of model statutes governing commercial transactions; requests to "appear electronically"; and seeks to have the prosecution dismissed for "lack of corpus delicti." (*Id.* at 4.) In general, Petitioner argues that his speeding ticket must be dismissed due to lack of "harm, injury, or loss." (*Id.* at 10.)

In one document Petitioner challenges the speeding ticket issued by Officer Boho because the "radar evidence used has not been properly substantiated or documented" and "no proof has been provided verifying the device's calibration or functionality at the time of the alleged incident." (*Id.* at 8.)

## DISCUSSION

### A. Defective notice of removal

Petitioner's attempt to remove his state court criminal proceedings is improper. To remove a state court criminal action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a).

A defendant removing a criminal action to a federal district court must file a notice of removal in the appropriate federal district court "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). With the notice of removal, the criminal defendant must file "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.*

The removing defendant has the burden of establishing that a case is within the federal district court's removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991) ("[F]ederal courts construe the removal statute[s] narrowly, resolving any doubts against removability."). If it clearly appears on the face of a notice of removal that removal of a criminal case is impermissible, the district court must summarily remand the action to state court. 28 U.S.C. § 1455(b)(4).

Criminal cases may be removed to federal court in very limited circumstances. Those circumstances include a criminal prosecution commenced in state court against a federal officer "if it is 'for or relating to any act under color of [federal] office[.]'" *New York v. Trump*, 158 F.4th 458, 460 (2d Cir. 2025) (quoting 28 U.S.C. § 1442(a)). Those circumstances also include state prosecutions of members of the armed services if they are prosecuted for actions taken under color of office. 28 U.S.C. § 1442a. Criminal cases commenced in state court also may be removed if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1); *see People of State of N.Y. v. Galamison*, 342 F.2d 255, 269 (2d Cir. 1965) (explaining that Section 1443 "applies only to rights that are granted in terms of equality and not

to the whole gamut of constitutional rights" (cited with approval by *State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966)).

Petitioner does not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of office. He also does not assert any facts showing that he cannot enforce his federal equal rights in his state-court criminal proceedings. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights).

Petitioner asserts that he is being prosecuted for a traffic citation even though there is "no injured party, no harm, [and] no loss," (ECF 1, at 2), and that the "radar evidence . . . has not been properly substantiated" (id. at 8.) *See Johnson*, 421 U.S. at 219 ("That a [defendant] will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of [section] 1443(1).").

Moreover, nothing in Petitioner's submission suggests that he has been denied any right that "arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Petitioner therefore does not satisfy his burden of showing that removal under Section 1443(1) is proper. Accordingly, the Court remands the criminal proceedings arising from Petitioner's traffic citation to the Town Court of Poughkeepsie. *See* 28 U.S.C. § 1455(b)(4).

**B. Claims for injunctive relief**

To the extent that Petitioner's submission can also be construed as asserting claims for injunctive relief seeking this court's intervention in his pending state-court criminal proceeding, the Court must dismiss those claims. In *Younger v. Harris,* 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding

in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Gristina v. Merchan*, 131 F.4th 82, 86-87 (2d Cir. 2025) (discussing *Younger*). "[B]ad faith or harassment" exists when the party bringing the state court action has "no reasonable expectation of obtaining a favorable outcome.'" *Homere v. Inc. Vill. of Hempstead*, 322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad faith under *Younger* "generally means a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Dougal v. Lewicki*, No. 23-CV-1167, 2023 WL 6430586, at *9 (N.D.N.Y. Oct. 2, 2023) (holding that the plaintiff's claim that "his neighbors' complaints which led to the charges were false" were "insufficient" to show bad faith or harassment, and did not "overcome the presumption that federal courts should not interfere in ongoing state court matters" (citing *Anilao v. Spota*, 27 F.4th 855, 866 (2d Cir. 2022)); *DeMartino v. New York State Dep't of Labor*, 167 F. Supp. 3d 342, 355-56 (E.D.N.Y. 2016) (holding that the plaintiff's allegations that the criminal charges pending against him were based "on the false statements" of the defendant did not "serve as the factual predicate for a plausible finding of bad faith").

Here, Petitioner alleges that his state court criminal proceedings are ongoing, and he does not allege any facts showing bad faith, harassment, or irreparable injury with respect to those proceedings. The Court therefore dismisses Petitioner's claims in which he asks this Court to

interfere with his ongoing state court criminal proceedings as barred by the *Younger* abstention doctrine.

**C. Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because nothing in Petitioner's submission suggests that the defects in his pleadings could be cured with an amendment, the Court declines to grant Petitioner leave to amend his pleading.

**CONCLUSION**

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1455(b)(4) to the Poughkeepsie Town Court. The Clerk of Court is directed to send a copy of this order to that court.

The Court dismisses Petitioner's claims for injunctive relief as barred by the *Younger* abstention doctrine.

The Court directs the Clerk of Court to enter judgment to that effect in this action. The dismissal is without prejudice or any finding on the merits.

SO ORDERED.

Dated: July 2, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.